THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>Plaintiff, )<br>)<br>vs. )<br>)<br>0.27 ACRES OF LAND, MORE OR LESS, )<br>)<br>SITUATE IN SAN DIEGO COUNTY, STATE OF )<br>)<br>CALIFORNIA; AND MARIA A. CASTANEDA )<br>)<br>REVOCABLE TRUST, ET AL. )<br>)<br>)<br>)<br>Defendants )<br>)<br>) | AFFIDAVIT IN SUPPORT OF MOTION<br><br>FOR IMMEDIATE POSSESSION<br><br><br><br>CIVIL NO. 08cv0280-IEG (AJB) |

I, **Gregory A. Gephart**, hereby declare as follows:

1. I am employed as **Deputy Program Manager for Tactical Infrastructure** with U.S. Customs and Border Protection. I make this declaration based on my personal knowledge of the matters recited, or based upon information available to me from the files maintained by my office in this matter.

2. The United States has a vital interest in controlling its international borders. As part of the ongoing effort to secure the borders and reduce illegal immigration, Congress has ordered the construction of various types of fencing, additional physical barriers, roads, lighting, and related infrastructure along the United States' southwestern border. Consolidated Appropriations Act, 2008, Pub. L. 110-161, 121 Stat. 1844 (2007). This act, amending section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, also directs the Secretary of Homeland Security to identify locations where such infrastructure would be most

practical and effective in deterring smuggling and illegal entry and to complete construction in those locations no later than December 31, 2008.

   3.   The United States requires immediate access to the subject land as a preliminary step toward meeting this congressional mandate.

   4.   Prior to the construction described in paragraph 2, the United States must identify potential sites for infrastructure, access roads, and staging and work areas needed for construction; conduct investigatory work, such as environmental, appraisal, archaeological, survey, and other preliminary testing, to determine each site's suitability; make final determinations as to the type and location of infrastructure to be built, if any; and acquire any property interests needed for construction.  Only after these steps have been completed can the United States begin construction.

   5.   The subject land lies 0.25 miles from the international border.

   6.   The subject land has been identified as a potential site for the construction of the infrastructure described in paragraph 2 or use as an access road or staging or work area.

   7.   The United States requires physical access to the subject land to conduct the investigatory work discussed in paragraph 4 to determine the suitability of the site for the construction of the infrastructure described in paragraph 2 or use as an access road or staging or work area.  This determination cannot be made without physical access to the subject land.

   8.   The interest taken in the subject land is a temporary right of entry that is minimally intrusive and reserves to the landowner all rights and possessory interests that do not interfere with the government's access for investigatory work.

   9.   The sum estimated as just compensation for this temporary access is One Hundred Dollars ($100.00), which was deposited in the registry of the court for the use and benefit of the persons entitled thereto based upon the Declaration of Taking for this case.

I declare the above information is true and correct to the best of my knowledge, information, and belief, under penalty of perjury. I further declare that this Declaration was executed on this  22nd  day of Jan, 2008, in Washington, D.C.

_____

Gregory A. Gephart